UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| PDC RESOURCES, INC., Individually and on behalf of all others similarly situated, | ) ) ) | | |
| Plaintiff, | ) ) ) | No. | 3:06-CV-254 |
| v. | ) ) | | (VARLAN/SHIRLEY) |
| THE SOMERSET REFINERY, INC., and SOUTH KENTUCKY PURCHASING COMPANY, | ) ) ) ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss The Somerset Refinery, Inc. [Doc. 3] filed on behalf of defendant The Somerset Refinery, Inc. ("Somerset"). Somerset asserts that plaintiff's claims against Somerset should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because Somerset is a not a party to the contract in question. [Docs. 4, 13]. The plaintiff argues that Somerset is a party to the contract, therefore the motion to dismiss should be denied. The Court has carefully considered the motion, as well as the entire record, in light of the applicable law. For the reasons set forth herein, Somerset's motion to dismiss [Doc. 3] will be **DENIED without prejudice**.

I.   **Introduction**

The plaintiff is a Delaware corporation, with its principal place of business in Tennessee, in the business of producing crude oil. [Doc. 1 at ¶ 2]. The plaintiff alleges that Somerset is a Kentucky corporation, with its principal place of business in Kentucky, in the

business of purchasing crude oil and refining that oil for the purpose of oil and gas production. [Doc. 1 at ¶ 3]. The plaintiff further alleges that the plaintiff and Somerset have entered into a contract (the "Contract") under which Somerset is obligated to purchase oil from the plaintiff. [Doc. 1 at ¶¶ 8-9]. Finally, the plaintiff alleges that Somerset has breached the Contract by failing to make timely payment for the oil purchased under the Contract. [Doc. 1 at ¶¶ 14-20].

On July 3, 2006, the plaintiff filed a class action for breach of contract pursuant to 28 U.S.C. §1332 and the Class Action Fairness Act of 2005. [Doc. 1 at ¶¶ 5-6]. On August 7, 2006, defendant South Kentucky Purchasing Company filed an answer denying that Somerset is in the business of purchasing crude oil and further denying that Somerset is a party to the Contract. [Doc. 2 at ¶¶ 3, 8]. On the same day, Somerset filed the instant motion to dismiss. [Doc. 3].

## II. Analysis

### A. Standard of Review

Somerset filed its motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). While a court may not grant a Rule 12(b)(6) motion based on disbelief of a

complaint's factual allegations, *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

### B. Plaintiff's Claims Relating To Somerset

Somerset argues that, while its sister corporation, South Kentucky Purchasing Company, is a party to the Contract, Somerset is not. Therefore, Somerset contends that, because it is not a party to the Contract, it certainly could not have breached the Contract, and all claims against it should be dismissed. Somerset offers the affidavit of Francis B. Lynch, principal owner of Somerset and South Kentucky Purchasing Company, to support its contention that Somerset is not a party to the Contract. [Doc. 14].

The plaintiff argues that Somerset is a party to the Contract, and therefore is a proper party to the instant action. In support of its argument, the plaintiff points to a letter dated March 8, 2005, printed on Somerset letterhead, which allegedly admitted that Somerset was responsible for past untimely payments under the Contract. [Docs. 1 at ¶ 18, 8]. Somerset argues that the letter was simply printed on the wrong letterhead[1] and is no way an admission that Somerset is in any way a party to the Contract. [Docs. 13, 14].

---

[1]Mr. Lynch, the person who apparently sent the letter in question, is involved with the operations of both Somerset and South Kentucky Purchasing Company. Somerset argues that Mr. Lynch simply erred in his selection of letterhead to use when he sent out the letter.

The Court must take all well-pleaded allegations as true and construe them most favorably toward the non-moving party. *Trzebuckowski*, 319 F.3d at 855. In the instant case, the Court is faced with the non-moving party claiming that Somerset is a party to the Contract and the moving party claiming that Somerset is not a party to the Contract. Neither party has actually produced the Contract in question. In the absence of the actual contract, the question of whether Somerset is a party to the Contract is a question of fact, and, in light of the plaintiff's well-pleaded allegations, that question must be construed in the favor of the plaintiff. Therefore, Somerset's motion to dismiss will be denied without prejudice. Should subsequent discovery prove that Somerset is not a party to the Contract, then Somerset may renew its motion at that time.

## III. Conclusion

For the reasons stated herein, Somerset's motion to dismiss [Doc. 3] will be **DENIED without prejudice**.

Order accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE